# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL BRUNO, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 1:13-cv-01745-TWP-TAB ) |
| ZATECKY, | ) ) ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Because habeas petitioner Michael Bruno has failed to show that this is the case with respect to the disciplinary proceeding challenged in this case, his petition for a writ of habeas corpus must be **denied** and this action dismissed.

**Discussion**

In a disciplinary proceeding identified as No. ISR 09-01-0006, Bruno was found guilty of violating prison rules at an Indiana prison by attempting to traffick, a class A offense # 111/113. The sanctions imposed included suspended earned credit time sanction of 365 days, a suspended credit class demotion from credit class I to credit class III, a six month loss of telephone and commissary privileges and a written reprimand. The evidence favorable to the decision of the hearing officer is the conduct report and report of investigation of incident written by Internal Affairs Investigator Rains. The conduct report stated that "[o]n November 16, 2008[,] during a routine shakedown of visitor Naomi Clark, prior to her visit with Offender Michael Bruno 105738,

Ms[.] Clark was found to be in possession of a package containing a cell phone and tobacco. During the interview with Ms[.] Clark she admitted that she was bring[ing] the package to Offender BRUNO and he arranged everything."

Contending that the disciplinary proceeding was constitutionally infirm, Bruno seeks a writ of habeas corpus. Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Under *Wolff* and *Hill,* Bruno received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Bruno was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions which were imposed.

Bruno's claims that he was denied the protections afforded by *Wolff* are either refuted by the expanded record or based on assertions which do not entitle him to relief. For example, federal habeas relief can't be granted for violations of state law, so the court can't consider a claim

premised on a violation of the Department of Corrections Adult Disciplinary Procedures or other prison policy. *Estelle v. McQuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Bruno to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed.

The petitioner's motion for summary judgment [dkt. 16] is **denied.** The respondent was given through March 12, 2014, in which to file a return to the order to show cause. See dkt. 13. Thus the respondent's return was properly accepted by the Court.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/22/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

MICHAEL BRUNO
DOC # 105738
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel